UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH MARIE BENSON, | CASE NO. 2:25-cv-00604-LK |
| Plaintiff, | MINUTE ORDER |
| v. | |
| PAUL CHRISTIANSON, et al., | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable Lauren King, United States District Judge:

(1) For the following reasons, Plaintiff Elizabeth Marie Benson's Motion for a Temporary Restraining Order ("TRO"), Dkt. No. 2, is DENIED.

First, Ms. Benson has not identified a basis for this Court's subject matter jurisdiction. There are two statutory bases for a federal court's jurisdiction: diversity jurisdiction and federal question jurisdiction. Ms. Benson indicates that the Court has federal question jurisdiction over her claim pursuant to 28 U.S.C. § 1331. Dkt. No. 1 at 2; Dkt. No. 1-4 at 1. Federal question jurisdiction exists when a plaintiff's claim arises "under the Constitution, law, or treaties of the

United States." 28 U.S.C. § 1331. Ms. Benson filed her complaint under 42 U.S.C. § 1983, alleging due process violations. Dkt. No. 1 at 1–2; Dkt. No. 1-4 at 1. An essential element of a Section 1983 action is that the defendant acted under color of state law. 42 U.S.C. § 1983. Here, however, all four Defendants are private individuals or entities, Dkt. No. 1 at 2, and Ms. Benson has not alleged that they are acting under color of state law, *see Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Moreover, her conclusory, "unadorned, the-defendant-unlawfully-harmed-me" due process allegations are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Dkt. No. 1 at 5. The Court therefore does not have federal question jurisdiction over this case. And because the parties are not diverse, Dkt. No. 1 at 1–2, the Court does not have diversity jurisdiction over Ms. Benson's remaining state law claims, *id.* at 4–5.

Second, federal courts are in general "to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *Hirsh v. Justs. of Sup. Ct. of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). A party seeking to enjoin ongoing state court proceedings must, among other things, demonstrate that it qualifies for an exception to the Anti-Injunction Act, 28 U.S.C. § 2283. *See, e.g.*, *Cook v. Harding*, 190 F. Supp. 3d 921, 934–35 & n.11 (C.D. Cal. 2016). While 42 U.S.C. § 1983 is an exception to the Anti-Injunction Act, *Mitchum v. Foster*, 407 U.S. 225 (1972), again, all four Defendants are private individuals or incorporated entities, Dkt. No. 1 at 2, and Ms. Benson has not alleged that they are acting under color of state law, *see Gomez*, 446 U.S. at 640. Because action under color of state law is an essential element of a Section 1983 claim, Ms. Benson fails to state a claim for relief under Section 1983 that would entitle her to an injunction of ongoing state court proceedings. The Court further notes that it seems Ms. Benson only brought this case after losing a bid (or bids) for a preliminary injunction in state proceedings that have been ongoing

1  since 2017. *See, e.g.*, *Paul Christianson v. Elizabeth Christianson et al.*, Case No. 17-2-06437-31,
2  1/17/2025 Order Denying Petition for Preliminary Injunction (Snohomish Cnty. Sup. Ct.). To the
3  extent Ms. Benson seeks to have this Court effectively vacate state court judgments against her,
4  the *Rooker–Feldman* doctrine prevents "state-court losers complaining of injuries caused by state-
5  court judgments rendered before the district court proceedings commenced" from "inviting district
6  court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
7  544 U.S. 280, 284 (2005).
8      (2)  Furthermore, Ms. Benson is ORDERED to show cause by April 25, 2025 why the
9  Court should not dismiss this action for lack of subject matter jurisdiction. If she fails to do so, this
10 matter will be dismissed without prejudice.
11     Dated this 6th day of April, 2025.

Ravi Subramanian
Clerk

/s/Natalie Wood
Deputy Clerk