UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH MARIE BENSON,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>PAUL CHRISTIANSON, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:25-cv-00604-LK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' REQUEST FOR FEES |

This matter comes before the Court on Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(1) and FRCP 12(b)(6). Dkt. Nos. 14, 18. For the reasons outlined below, the Court grants Defendants' motion to dismiss and denies their request for attorney's fees.

## I.　BACKGROUND

On January 31, 2025, Defendant Steve Scott issued a final arbitration award pursuant to Section 7.04A of the Washington Revised Code in an action filed by Defendants Paul Christianson, Suzanne Christianson, and Marine View Farms, Inc. against Ms. Benson and others to partition and quiet title to a 212.55-acre property in Snohomish County. Dkt. No. 21 at 16 (order and judgment confirming arbitration award). It appears that the action was filed in Snohomish County

1    Superior Court in July 2017, and the parties agreed to arbitrate their dispute in September 2021.

2    *Id.* at 4–5 (agreement to submit to binding arbitration before Judge Scott).

3    Ms. Benson filed this action, as well as amotion for a temporary restraining order barring enforcement of the arbitration award, on April 4, 2025. Dkt. Nos. 1, 2. The Court denied that motion on April 6, 2025, and additionally ordered Ms. Benson to show cause by April 25, 2025 why the action should not be dismissed for lack of subject matter jurisdiction. Dkt. No. 4. Specifically, the Court noted that the parties are not diverse, and although Ms. Benson had alleged due process violations under 42 U.S.C. § 1983, all Defendants were private individuals or entities and Ms. Benson did not allege that they were acting under color of state law. Dkt. No. 4 at 2.

On April 7, 2025, Ms. Benson filed an amended complaint against the Christiansons, Marine View Farms, Mr. Scott, and Patrick Vail (the Christiansons' attorney), re-asserting her Section 1983 claim and alleging that Defendants "acted under color of state law by leveraging the Snohomish County Superior Court's authority . . . to enforce an arbitration award, violating Plaintiff's Fourteenth Amendment due process rights over her 50% interest in a 212.55-acre property." Dkt. No. 7 at 1–2.[1] Ms. Benson complains that the arbitration award constitutes "a 55-acre shortfall from [her] 106.52-acre share," and that "[t]he award imposed a well and easements on [her] 30.83 acres without consent," among other alleged shortcomings. *Id.* at 2–6. She further alleges that Mr. Vail "drafted an *ex parte* clause in [the] December 2024 arbitration terms, presented January 2025 without Plaintiff's notice," which she was "forc[ed] . . . to sign under duress on February 5, 2025, fearing state court enforcement[.]" *Id.* at 3. To remedy this alleged

---

[1] Ms. Benson attempted to amend her complaint via an errata after all briefing on Defendants' motion to dismiss was complete. Dkt. No. 30. Such amendment is procedurally improper, Fed. R. Civ. P. 15(a)(2), and the Court accordingly STRIKES the errata. However, the Court notes that even if it had considered the errata, it would still reach the same result for the same reasons.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' REQUEST FOR FEES - 2

harm, Ms. Benson seeks damages and injunctive relief in the form of voiding the arbitration award and "stop[ping] [its] enforcement." *Id.* at 6.

On April 24, 2025, Ms. Benson filed a motion for a preliminary injunction in this case. Dkt. No. 12. The next day, the Christiansons, Mr. Vail, and Marine View Farms filed a motion to dismiss, Dkt. No. 14 at 1, to which Mr. Scott subsequently joined, Dkt. No. 18.

Around the same time, Ms. Benson filed a motion to vacate the arbitration award in Snohomish County Superior Court. On April 30, 2025, that court denied the motion after hearing argument from the parties. Dkt. No. 21 at 7–8. On May 2, 2025, the same court entered an order and judgment confirming the arbitration award, partitioning the property, and quieting title to the property. Dkt. No. 21 at 10–24.

## II.   DISCUSSION

### A.   Legal Standard for Motions to Dismiss

Dismissal under Rule 12 (b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). At this stage, the Court accepts as true all factual allegations in the complaint and construes them in the light most favorable to the nonmoving party. *Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Such statement must be "short and plain." Fed. R. Civ. P. 8(a)(2) (a plaintiff must make a "short and plain statement of the claim showing that [it] is entitled to relief"). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

1  (2009). Although "detailed factual allegations" are not required, a complaint must include "more

2  than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A complaint "that offers

3  'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

4  do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Benavidez v. Cnty. of San Diego*, 993 F.3d

5  1134, 1145 (9th Cir. 2021) (conclusory allegations of law and unwarranted inferences will not

6  survive a motion to dismiss).

7  **B.     The Court Lacks Subject Matter Jurisdiction**

8           Defendants argue that Ms. Benson's complaint should be dismissed based on lack of

9  subject matter jurisdiction and failure to state a claim. Dkt. No. 14 at 2. In their view, Ms. Benson

10 "has commenced this action in an improper attempt to circumvent a valid Final Arbitration Award

11 entered in the Snohomish County (Washington) Superior Court," and the Court accordingly "lacks

12 jurisdiction over this matter under the Rooker-Feldman doctrine." *Id.* Furthermore, Ms. Benson

13 "fails to properly plead . . . that Defendants are acting under color of State law for purposes of her

14 claims under 42 U.S.C. § 1983" or "any exception to the Anti-Injunction Act, 28 U.S.C. § 2283[.]"

15 *Id.* The Court agrees.

16          Subject matter jurisdiction is an "inflexible" threshold requirement that must be met

17 "without exception, for jurisdiction is power to declare the law and without jurisdiction the court

18 cannot proceed at all in any cause." *Ruhrgas AG. v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)

19 (citation modified). There are two statutory bases for a federal court's jurisdiction: diversity

20 jurisdiction—which is not at issue because the parties are not diverse, *see* Dkt. No. 7 at 1–2—and

21 federal question jurisdiction pursuant to 28 U.S.C. § 1331, which Ms. Benson alleges here, *see id.*

22 at 2; Dkt. No. 1-4 at 1. Federal question jurisdiction exists when a plaintiff's claim arises "under

23 the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Even assuming without deciding that Ms. Benson has adequately alleged a violation of her rights under the first prong of the test for Section 1983 liability, she has not shown that any defendant acted under color of state law here. Where, as here, defendants are private parties, a plaintiff must plausibly allege that the defendant was a state actor; i.e., that "the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State," to state a claim under Section 1983. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). A plaintiff must satisfy at least one of four tests for determining whether a private party's actions amount to state action: (1) the public function test;[2] (2) the joint action test;[3] (3) the state compulsion test;[4] or (4) the governmental nexus test.[5] *Tsao*, 698 F.3d at 1140.

Ms. Benson alleges that Defendants acted under color of state law by "leveraging the Snohomish County Superior Court's authority . . . to enforce an arbitration award," "rel[ying] on state court enforcement (RCW 7.04A.250) of Steve Scott's January 31, 2025 award," and

---

[2] "Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Wright v. Serv. Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1124 (9th Cir. 2022) (citation modified), *cert. denied*, 143 S. Ct. 749 (2023).

[3] The joint action test asks whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights. *Tsao*, 698 F.3d at 1140. "This requirement can be satisfied either by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents," such that "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity." *Id.* (citation modified).

[4] The state compulsion test asks whether the state has "exercised coercive power or has provided such significant encouragement, either overt or covert, that the [private actor's] choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

[5] The governmental nexus test asks whether there is "pervasive entwinement of public institutions and public officials in the private actor's composition and workings." *O'Handley v. Weber*, 62 F.4th 1145, 1157–58 (9th Cir. 2023) (citation modified).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' REQUEST FOR FEES - 5

"invoking state judicial power." Dkt. No. 7 at 1–3; *see also* Dkt. No. 24 at 3 ("Defendants used state-backed arbitration and court enforcement mechanisms to effectuate a deprivation of my constitutional rights"). These actions do not demonstrate that any Defendant was a state actor, and instead underscore that Ms. Benson has no federal claim. Private arbitration proceedings do not amount to "the state action requisite for a constitutional due process claim." *Fed. Deposit Ins. Corp. v. Air Fla. Sys., Inc.*, 822 F.2d 833, 842 n.9 (9th Cir. 1987); *see also Shah v. Patel*, 232 F. App'x 743 (9th Cir. 2007) (same); *Allegiant Air, LLC v. Int'l Bhd. of Teamsters, Airline Div.*, No. 22-15515, 2023 WL 2707186, at *2 (9th Cir. Mar. 30, 2023) ("Private arbitrators are not fairly considered government actors"). Moreover, "there is no state action simply because the state enforces [a] private [arbitration] agreement." *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 844 (9th Cir. 2017); *see also Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 485 (1988) ("Private use of state-sanctioned private remedies or procedures does not rise to the level of state action." (citation omitted)).

Ms. Benson's complaint therefore fails to state a Section 1983 claim. And because she has failed to "properly invoke[ ] § 1331 jurisdiction" by pleading "a colorable claim 'arising under' the Constitution or laws of the United States," the Court does not have federal question jurisdiction over this case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Nor does the Court have diversity jurisdiction: the parties are not diverse.

This Court also lacks jurisdiction to adjudicate this case under either the *Rooker-Feldman* doctrine or res judicata. Under the doctrine set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), federal courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic*

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' REQUEST FOR FEES - 6

*Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, the doctrine precludes federal district courts from hearing direct or de facto appeals of state court judgments. *Fowler v. Guerin*, 899 F.3d 1112, 1119 (9th Cir. 2018); *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). "It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Cooper*, 704 F.3d at 778 (quoting *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003)). Under the doctrine of res judicata, a party is barred from re-litigating a claim where three elements are met: (1) identity of claims in the two actions; (2) final judgment on the merits in the first action; and (3) identity or privity between parties in the two actions. *Frank v. United Airlines, Inc.*, 216 F.3d 845, 850 (9th Cir. 2000).

Ms. Benson brought this case in federal court after failing to obtain a preliminary injunction in state proceedings involving the same parties that have been ongoing since 2017. *See, e.g.*, *Paul Christianson v. Elizabeth Christianson et al.*, Case No. 17-2-06437-31, 4/30/2025 Order Denying Motion to Vacate Arbitration Award (Snohomish Cnty. Sup. Ct.). To the extent Ms. Benson seeks to void the arbitration award based on an allegedly erroneous state court decision, the *Rooker–Feldman* doctrine precludes her from doing so. And to the extent she seeks to relitigate this case in federal court, res judicata prevents it.[6]

### C.     Defendants Are Not Entitled to Section 1983 Fees

In suits under Section 1983, courts have discretion under 42 U.S.C. § 1988 to award reasonable attorney's fees. *Braunstein v. Arizona Dep't of Transp.*, 683 F.3d 1177, 1187 (9th Cir. 2012). "However, because Congress wanted to encourage individuals to seek relief for violations of their civil rights, § 1988 operates asymmetrically." *Id.* That is, a "prevailing plaintiff may

---

[6] Furthermore, a party seeking to enjoin ongoing state court proceedings must, among other things, demonstrate that the action qualifies for an exception to the Anti-Injunction Act, 28 U.S.C. § 2283, and Ms. Benson has failed to do so.

receive attorneys' fees as a matter of course, but a prevailing defendant may only recover fees in 'exceptional circumstances' where the court finds that the plaintiff's claims are 'frivolous, unreasonable, or groundless.'" *Id.* (quoting *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 971 (9th Cir. 2011)). A case is frivolous when, for instance, (1) reasonable inquiry into applicable facts and law was not made prior to filing the case, *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998); (2) the causes of action plainly do not provide liability against defendants, *Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997); (3) the case seeks money damages from immune defendants, *Franceschi v. Swartz*, 57 F.3d 828, 832 (9th Cir. 1995); or (4) the case has no evidence supporting it, *Evers v. County of Custer*, 745 F.2d 1196, 1199, 1204–05 (9th Cir. 1984). *See also Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) ("A case may be deemed frivolous only when the result is obvious or the arguments of error are wholly without merit." (citation modified)). The standard is stringent, and the mere fact that a defendant prevails does not support an attorney's fees award. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *Patton v. Cnty. of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988). The rule against awarding attorney's fees to defendants in civil rights cases applies with special force where the plaintiff is a pro se litigant. *Hughes*, 449 U.S. at 15; *Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987).

Here, this is a very close question. As Defendants note, Ms. Benson's action was an "improper attempt to circumvent a valid Final Arbitration Award" in state court, and she persisted in this action even after the Court warned her "shortly after commencement of this action" of the defects in her lawsuit. Dkt. No. 25 at 2–3, 8. Pro se parties do not get a free pass to file frivolous claims; like other litigants, they have an affirmative duty to investigate the law and facts before filing their complaints and other documents. *See, e.g.*, *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1987) (citing Fed. R. Civ. P. 11). Ms. Benson's Section 1983 claim was

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' REQUEST FOR FEES - 8

indeed frivolous. However, because she is proceeding pro se, and given the nuances associated with her claims and the associated abstention and preclusion doctrines, the Court cannot definitively conclude under the particular circumstances of this case that she should have recognized that her Section 1983 claim was wholly frivolous when she advanced it. Although the Court emphasizes again that this is a close call, it declines to exercise its discretion to award attorney's fees in this instance. The Court cautions, however, that it will not hesitate to impose sanctions (including but not limited to attorney's fees) if Ms. Benson continues to file frivolous submissions. *See* LCR 11(c).

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Defendants' Motion to Dismiss, Dkt. No. 14, insofar as it DISMISSES Ms. Benson's action in its entirety, but DENIES Defendants' request for attorney's fees. Ms. Benson's Motion for Preliminary Injunction, Dkt. No. 12, is DENIED as moot. Because amendment would be futile, Ms. Benson's claims are dismissed without leave to amend. And because all claims except her Section 1983 claim are dismissed due to lack of jurisdiction, her Section 1983 claim is dismissed with prejudice and her state law claims are dismissed without prejudice.

Dated this 26th day of June, 2025.

Lauren King
United States District Judge