UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH MARIE BENSON,<br><br>  Plaintiff,<br>  v.<br><br>PAUL CHRISTIANSON, et al.,<br><br>  Defendants. | CASE NO. 2:25-cv-00604-LK<br><br>ORDER DENYING MOTION FOR JUDICIAL RECUSAL |

This matter comes before the Court on pro se Plaintiff Elizabeth Marie Benson's Motion for Judicial Recusal and Restoration of Due Process. Dkt. No. 34. Because the Court has already issued a judgment in this case, Dkt. No. 33, the Court liberally construes this motion as either a motion for reconsideration under Local Civil Rule 7(h) or a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) on the basis of, among other things, the presiding judge's disqualification under 28 U.S.C. § 455. Having considered the motion and the remainder of the record, the Court denies the motion and the undersigned judge declines to recuse herself from this case.

## I. DISCUSSION

Seeking relief under 28 U.S.C. § 455, Ms. Benson moves for "the immediate recusal" of the undersigned judge, whose conduct Ms. Benson alleges has "evidenced a pattern of prejudice, denial of due process, and bias that threatens [Ms. Benson's] substantive rights in these proceedings." Dkt. No. 34 at 1. She also requests "[r]eversal of judgment entered in error and without proper review" and "[r]estoration of due process and open hearing." *Id.* at 2.

Motions for reconsideration are disfavored under the local rules, and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1); *see also Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (noting that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" (citation modified)); *Santiago v. Gage*, No. 3:18-CV-05825-RBL, 2020 WL 42246, at *1 (W.D. Wash. Jan. 3, 2020) ("Mere disagreement with a previous order is an insufficient basis for reconsideration[.]"). Furthermore, movants are required to "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). Here, Ms. Benson's motion does not provide, "with specificity" or otherwise, any error or new law or facts that might justify reconsideration of the Court's prior order. Instead, the motion evinces mere disagreement with the Court's order dismissing her case. Dkt. No. 32. A motion for reconsideration does not "provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

Reconsideration under Federal Rule of Civil Procedure 59(e) "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir. 1993). Because Ms. Benson's motion fails to identify any of these things, reconsideration under Rule 59(e) is not warranted.

Under this District's Local Civil Rules, when a motion to recuse is filed pursuant to 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). If the challenged judge decides not to recuse, "he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." *Id*. The substantive standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). Section 455 is not "a vehicle for parties to shop among judges" after the presiding judge has issued an unfavorable ruling. *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir. 1988).

Ms. Benson's motion fails to meet the above standard. Although she asserts that the undersigned judge has "[d]enied multiple motions without lawful consideration or response," including by "[e]nter[ing] judgment for defendants unjustly," Dkt. No. 34 at 2, all motions filed in this case were resolved following "lawful consideration." *See* Dkt. Nos. 2, 4 (briefing and order on Ms. Benson's motion for a temporary restraining order); Dkt. Nos. 12, 13, 21, 22, 32 (briefing and order on Ms. Benson's motion for a preliminary injunction); Dkt. Nos. 14, 24, 25, 32 (briefing and order on Defendants' motion to dismiss); *see also* LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument."). Importantly, Section 455 requires recusal "only if the bias or prejudice stems from an extrajudicial source and not from

ORDER DENYING MOTION FOR JUDICIAL RECUSAL - 3

conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Ms. Benson further argues that the undersigned judge improperly "[i]gnored material evidence of fraud within arbitration proceedings" and "[d]isplayed a pattern of silence and refusal to acknowledge the harm done." Dkt. No. 34 at 2. But as the Court has now twice previously explained, it lacks jurisdiction to reach the merits of Ms. Benson's complaint. *See* Dkt. No. 4 at 1–2; Dkt. No. 32 at 4–7. And "without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG. v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citation modified).

## II.    CONCLUSION

For the above reasons, the Court DENIES Ms. Benson's motion and the undersigned judge declines to recuse herself from this case. The Court DIRECTS the Clerk to refer the Motion for Judicial Recusal and Restoration of Due Process, Dkt. No. 34, to Chief Judge Estudillo in accordance with Local Civil Rule 3(f).

Dated this 7th day of July, 2025.

Lauren King
United States District Judge