UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH MARIE BENSON,<br><br>Plaintiff,<br>v.<br><br>PAUL CHRISTIANSON, et al.,<br><br>Defendants. | CASE NO. 2:25-cv-00604-LK<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT |

This matter comes before the Court on Plaintiff Elizabeth Benson's Rule 60(b) Motion for Relief from Judgment. Dkt. No. 38; *see also* Dkt. No. 33 (June 26, 2025 Judgment). For the reasons outlined below, the Court denies the motion.

### I. BACKGROUND

The facts of this case are set forth in the Court's June 26, 2025 Order. Dkt. No. 32 at 1–3. The Court declines to recount them here except as relevant to Ms. Benson's pending motion.

Ms. Benson filed this action on April 4, 2025, seeking (among other things) to prevent Defendants from enforcing an arbitration award regarding certain real property in state court. Dkt. No. 1. In late April, Defendants filed a motion to dismiss this case, Dkt. Nos. 14, 18, while Ms.

Benson filed a motion in Snohomish County Superior Court to vacate the arbitration award at issue in this case, *see* Dkt. No. 21 at 7–8. On April 30, 2025, the state court denied Ms. Benson's motion to vacate the award. *Id.* On May 2, 2025, that same court entered an order and judgment confirming the arbitration award, partitioning the property, and quieting title to the property. *Id.* at 10–24. On June 26, 2025, this Court granted Defendants' motion to dismiss, holding that it lacked subject matter jurisdiction over the case. Dkt. No. 32.

On July 1, 2025, Ms. Benson filed a Motion for Judicial Recusal and Restoration of Due Process, Dkt. No. 34, which the Court liberally construed either as a motion for reconsideration under Local Civil Rule 7(h) or as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) on the basis of the presiding judge's disqualification, Dkt. No. 36 at 1. The Court declined to reconsider its decision, holding that Ms. Benson did not point to any error or new law or facts that might justify reconsideration of its prior order. *Id.* at 2. The Court also held that Ms. Benson failed to meet the Rule 59(e) standard for altering or amending judgment because she did not identify newly discovered evidence, clear error, manifest injustice, or an intervening change in controlling law. *Id*. Finally, the Court determined that recusal was not warranted because "all motions filed in this case were resolved following lawful consideration," *id.* at 3 (citation modified), and because it was not error to decline to reach the merits of Ms. Benson's complaint when the Court was "without jurisdiction [to] proceed at all," *id.* at 4 (quoting *Ruhrgas AG. v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)). On August 6, 2025, Chief Judge Estudillo affirmed this Court's denial of recusal. Dkt. No. 37; *see also* LCR 3(f).

On September 8, 2025, Ms. Benson filed the instant motion, accompanied by an "Affidavit of Standing and Federal Question Jurisdiction" and a "Certificate of Service." Dkt. Nos. 38–40; *see also* Dkt. No. 41 at 3 ("Notice of Errata and Corrected Caption" stating that the case caption Ms. Benson's filing at docket entry 38 "contains a mistake"); *id.* at 2 (corrected case caption

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 2

matching title of motion). On September 23, 2025, Defendants Paul Christianson, Suzanne Christianson, Marine View Farms, Inc. and Patrick Vail filed an opposition to Ms. Benson's motion, and Defendant Steve Scott filed a separate opposition that same day. Dkt. Nos. 42, 44.

## II. DISCUSSION

Ms. Benson seeks relief from the Court's June 26, 2025 Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), (3), and (6). Dkt. No. 38 at 2.[1] Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment" for "(1) mistake, inadvertence, surprise, or excusable neglect"; "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"; or "(6) any other reason that justifies relief."

Ms. Benson has not demonstrated any grounds for relief here. She contends that (1) the Court committed "manifest errors of law and fact" in contravention of Rule 60(b)(1) by failing to "credit[] her sworn evidence" and by "rel[ying] on a private arbitration award as dispositive in a civil-rights action"; (2) "Defendants procured dismissal through fraud, misrepresentation, and misconduct" within the meaning of Rule 60(b)(3) because "no consent to arbitrate was executed" and Defendants "introduced a purported arbitration decision" despite "knowing the proceeding violated 9 U.S.C. §10(a)(2)–(3)" and (3) relief under Rule 60(b)(6) is warranted because this Court's dismissal order and "refus[al] to recuse despite Plaintiff's sworn Affidavit of Bias (Dkt. No. 35) and Motion (Dkt. No. 34)" violated her due process rights. Dkt. No. 38 at 3 (capitalization removed).[2] As the Court has previously and repeatedly explained, Dkt. No. 32 at 4–7; Dkt. No. 36

---

[1] Ms. Benson variously asserts that she seeks relief pursuant to "Rule 60(b)(3), 60(b)(4), and (60(b)(6)" and "Federal Rule of Civil Procedure 60(b)(1), (3), and (6)," Dkt. No. 38 at 1, but she does not provide any argument related to Rule 60(b)(4). Even if the Court were to consider that subsection, Ms. Benson fails to show the judgment is void.

[2] As Scott notes in his opposition, Ms. Benson cites to some nonexistent law in her motion. Dkt. No. 44 at 5 ("[w]hile Plaintiff states that *Lemoge* [*v. United States*, 587 F.3d 1188 (9th Cir. 2009)] was decided under FRCP 60(b)(6)," the decision makes no reference to that rule or the "equitable safety valve" quote referenced in Ms. Benson's motion).

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 3

at 4, the Court properly declined to reach the merits of Ms. Benson's complaint because it was without jurisdiction to do so. It was neither factual nor legal error for this Court to operate within the bounds of its Article III authority. *See Ruhrgas*, 526 U.S. at 577 (noting that jurisdiction is an "inflexible" threshold requirement that must be met "without exception"). Ms. Benson provides no authority indicating that the undersigned's decision not to recuse—or Chief Judge Estudillo's affirmance of that decision—were erroneous. And "[f]ailure to obtain one's preferred legal outcome does not, without more, constitute a cognizable due-process violation." *Singh v. Bondi*, No. 23-6856, 2025 WL 655579, at *2 (2d Cir. Feb. 28, 2025)).

As Defendants observe, Dkt. No. 42 at 7–9; Dkt. No. 44 at 6–7, Ms. Benson has wholly failed to address the reasons why this Court dismissed her underlying case. *See* Dkt. No. 32 at 5–7. The arguments she does raise in her motion do not demonstrate extraordinary circumstances entitling her to relief from this Court's judgment under Rule 60(b).[3]

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Ms. Benson's motion for relief from judgment. Dkt. No. 38.[4]

Dated this 14th day of October, 2025.

Lauren King
United States District Judge

---

[3] In their opposition brief, Defendants Paul and Suzanne Christianson, Marine View Farms, and Vail ask for attorney's fees and costs pursuant to 42 U.S.C. § 1988 and Local Civil Rule 11(c) for having to respond to Ms. Benson's motion. Dkt. No. 42 at 2, 13–15. However, "requests for affirmative relief must be made in a motion, not in the response[.]" *Sergeant v. Bank of Am., N.A.*, No. C17-5232-BHS, 2018 WL 1427345, at *1 n.2 (W.D. Wash. Mar. 22, 2018) (citing LCR 7(b)(1), 7(k)); *see also* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Accordingly, the Court declines to award fees and costs.

[4] The Court further STRIKES Ms. Benson's filing and exhibits at docket entry 39, entitled "Affidavit of Standing and Federal Question Jurisdiction," as procedurally improper. *Johnson v. Holms*, No. 2:18-cv-00647-GMN-EJY, 2020 WL 9065891, at *1 (D. Nev. June 12, 2020) ("[A]ny document not allowed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or a direct order of this Court is a fugitive document and must be stricken from the record." (citation modified)). Even if the Court considered these documents, it would not change the outcome here.